[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: DEFENDANT'S MOTION TO DISMISS
The defendant has filed a Motion to Dismiss the plaintiff's pending motions on the basis that Connecticut does not have jurisdiction and that the Texas court has continuing jurisdiction over the post-judgment motions.
The court discussed this matter with the Honorable Margaret A. Cooper of Austin, Texas. Judge Cooper declined to take any position.
The court makes the following findings:
 1. The parties were divorced in Austin, Texas on December 10, 1996 (an agreed final decree of divorce).
 2. Physical custody of the two minor children, Satira, aged nine and Shandon, aged seven, was awarded to the plaintiff mother who was residing in Connecticut.
 3. The plaintiff mother and two minor children had resided in Connecticut since July 1996.
3a. The defendant father continues to reside in Texas.
 4. The plaintiff mother was given the right to establish the primary and legal residence of the minor children . . . not
limited to Travis County, Texas, in the Texas decree.
 5. The legal residence of the minor children has been Connecticut since July 1996, and Connecticut continues to be the legal and primary residence of the minor children.
 6. The plaintiff mother obtained an order to show cause in the State of Connecticut on February 3, 1998 and personally served the defendant father on February 9, 1998.
 7. The order to show cause contained the following motions:
A. Motion to Modify Visitation; CT Page 3742
B. Motion to Refer to Family Relations;
 C. Motion to Appoint an Attorney for the Minor Children; and
 D. Motion to Refer Child to a Psychiatrist/Psychologist.
 8. The defendant filed a Motion to Dismiss these motions claiming the Connecticut Court lacks jurisdiction.
 9. The parties appeared in court, both represented by counsel, and a hearing on the Motion to Dismiss was held on March 23, 1998.
 10. The defendant filed a Motion for Enforcement in Texas and served the plaintiff on February 14, 1998. The Motion for Enforcement is in the nature of contempt against the plaintiff mother for providing only the son for Thanksgiving visitation and not the daughter and for bringing the daughter to a psychologist.
 11. There is no proceeding pending in Texas concerning the custody or visitation of the minor children at the present time nor was there any proceeding pending as of February 9, 1998 when the defendant was served in Texas with the plaintiff's motions.
 12. Connecticut was and is the home state of the minor children at the commencement of the filing of the plaintiff's motions.
 13. It is in the best interests of the children that this court assume jurisdiction because the children and the plaintiff have a significant connection with this State and there is available in this State substantial evidence concerning the children's future care, protection, training and personal relationships.
 14. The minor child, Satira, has expressed concern and an unwillingness to visit with her father.
 15. The plaintiff has taken the child to a clinical psychologist in Connecticut in an attempt to resolve CT Page 3743 this problem.
 16. The plaintiff advised the defendant before Thanksgiving 1997 that she was taking the child to a psychologist.
 17. The defendant has been in contact with the child's psychologist.
 18. The minor child, Satira, did not want to see the defendant and did want to talk to him. The minor child, the son, Shandon, was very excited to see his father and went out with the defendant.
 19. The plaintiff has encouraged visitation even bringing the children to Texas and staying at a motel at her own expense, so that the children would feel comfortable for visitation with the defendant.
 20. There have been visitation problems with the daughter for a long period of time.
 21. It is in the best interests of the minor children for the Connecticut court to hear the plaintiff's motions.
Further, this court finds that:
 A. The child's treating psychologist and pediatrician are in the State of Connecticut;
 B. The Connecticut Family Relations Office is able and available to do a study and investigation here in Connecticut;
 C. This court can and will appoint an attorney and/or a guardian ad litem to represent the minor children, to protect their interests and to act as an advocate and/or in the children's best interests; and
 D. The child's school records and teachers are in Connecticut.
 22. The exercise of jurisdiction by Connecticut would be in accord with the purposes stated in § 46b-91 Connecticut General Statutes (UCCJA).
CT Page 3744
 23. The State of Connecticut and the State of Texas have concurrent jurisdiction as the plaintiff and the two minor children reside in Connecticut and the defendant continues to reside in Texas.
 24. This court has communicated with the court in Texas. The Texas court has continuing jurisdiction. However, the Connecticut court can and will provide an appropriate forum for the parties and Connecticut would appear to be the more appropriate court to hear the plaintiff's motions.
 ORDER
This court shall suspend issuing its decision for 90 days to give the plaintiff an opportunity to file appropriate motions in Texas requesting Texas to decline its jurisdiction and allow Connecticut to hear the pending motions of the plaintiff.
The Connecticut court is willing to hear these motions as it appears that Connecticut is the more appropriate forum.
Coppeto, J.